

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Martelle McDonald
District Attorney
70th Judicial District
Big Spring, Texas

Dear Mr. McDonald:     Opinion No. O-5714

Re: Does the qualification of
a Notary Public in June, 1943,
subsequent to his qualifica-
tion as County Clerk in Janu-
ary, 1943, vacate the office
of County Clerk, and related
questions?

We reply to your letter of November 18, 1943,
the first four paragraphs of which we quote:

"Reference is made to your Opinion
No. O-4228 dated December 5, 1941, with
respect to County and/or Deputy County
Clerks holding at the same time the of-
fice of Notary Public. The writer inter-
prets that opinion as holding that the
two offices named -- that is, the office
of Notary Public and County Clerk or
Deputy County Clerk -- are incompatible,
under the provisions of Article 16, Sec-
tion 40, of the State Constitution,
which prohibits generally the holding of
two offices of emolument by the same per-
son.

"In view of such opinion, and of the
hereinafter stated facts, we desire an
opinion upon the following questions, as-
suming the following state of facts to
exist:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"That in various counties in West Texas, situated in the 70th Judicial District, there are several County Clerks and/or Deputy County Clerks who qualified for their offices on January 1, 1943, and thereafter, and during the month of June, 1943, qualified themselves as Notaries Public by taking oath and making the required bonds.

"Under the provisions of Article 16, Section 40, and the decisions cited thereunder, it is the writer's opinion that the courts of this State have held, that where two offices are incompatible, and a person attempts to qualify for two such offices, the first office is vacated by the qualification for the second office, more specifically since the County Clerks in question qualified as such on January 1, 1943, and thereafter in June, 1943, attempted to or did qualify as Notaries Public, they vacated the office of County Clerk."

You then pose six questions for our determination, the first of which is as follows:

"(a) Does the qualification as Notary Public in June, 1943, subsequent to the qualification as County Clerk in January, 1943, vacate the office of County Clerk?"

Section 40 of Article 16 of our State Constitution provides in part as follows:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of Justice of the Peace, County Commissioner, Notary Public and Postmaster. * * *"

However, it is contrary to the policy of the law that the same individual should undertake to perform inconsistent and incompatible duties. (Emphasis ours)

"It is a well-settled rule of the common law that he who, while occupying one office, accepts another incompatible with the first, ipso facto absolutely vacates the first office and his title is thereby terminated without any other act or proceeding. That the second office is inferior to the first does not affect the rule. * * *.

"But an exception is made to the general rule in those cases in which the officer cannot vacate the office by his own act, upon the principle that he will not be permitted to do indirectly what he could not do directly." -- Mechem, Public Offices and Officers (1890) §§ 420-421.

In the case of State v. DeGress, 53 Tex. 387 (1880), it was held that one could not legally hold the office of Mayor of the City of Austin, Texas, while continuing to be an officer in the Army of the United States, even though on the retired list. He was such an army officer at the time he was elected and attempted to qualify for the office of Mayor. He drew a salary as a retired officer, had not resigned, and could not resign without the consent of superiors. Therefore, his attempted qualification for the office of Mayor did not relinquish the first office. It was the second office that failed.

The constitutional provision above quoted prohibits the holding of two civil offices of emolument. "But where the two offices are incompatible in a common-law sense, it is not necessary to rely on the constitutional provision, and it makes no difference that one of them receives no compensation, as the common-law prohibition is against holding two incompatible offices of public trust. Thomas vs. Abernathy Co. Line Ind. School Dist., 290 S. W. 152 (Tex. Com. App. 1927). As to what constitutes incompatible offices in a common law sense, see Mechem, Public Offices and Officers (1890) § 422." (Also see Texas Law Review, Vol. 12, pp. 367-9; 34 Tex. Jur. p. 349, § 17).

In the case of Pruitt et al v. Glen Rose Ind. School Dist. No. 1, 84 S. W. (2) 1004, (Com. of App., but

adopted by the Supreme Court) the following is quoted from 34 Tex. Jur. 354, par. 19, which summarizes the rule:

> "Having elected to accept and qualify for the second office, ipso facto and as a matter of law, he vacates the first office. This is true where both offices are places of emolument, regardless of whether they are incompatible, and if they are incompatible there is a vacation of the first office regardless of whether both are offices of emolument within the meaning of the Constitution. In such circumstances the constitutional provision that all officers shall continue to perform the duties of their offices until a successor has been qualified does not apply."

It is also a sound principle of law, based on public policy, that an officer is prohibited from acting in his official capacity as to matters in which he has a direct and certain interest, 34 Tex. Jur. 449, par. 72. In such cases (with rare exceptions based on necessity) the entire proceedings are void insofar as his acts are concerned. See Fry v. State, 86 Crim. Rep. 73, 215 S. W. 560, which holds void the acts of a Commissioners' Court allowing a fraudulent claim of one of its members.

By Article 5949, V. A. C. S., as amended, it is made the duty of the County Clerk to approve and file the bond of each Notary Public who qualifies as such in his county. Said Article, in part, provides that "any person appointed a Notary Public, before entering upon his official duties, shall execute a bond in the sum of One Thousand Dollars with two or more solvent sureties, or one solvent surety company authorized to do business in this State, as surety, such bond to be approved by the County Clerk of his county. * * *. Said bond shall be deposited in the office of the County Clerk and shall not be void on the first recovery, and may be sued on in the name of the party injured from time to time until the whole amount thereof has been recovered. Any such person shall be deemed to be qualified (as a Notary) when he has taken the official oath of office, furnished the bond and paid the fees herein provided for."

In view of the requirements of said Article 5949, it is our opinion that one who has qualified as County Clerk cannot qualify as a Notary Public as long as he holds the former office. He cannot approve his own bond as a Notary Public any more than he could approve his bond as County Clerk. His interest in such a matter is too direct and certain as to admit of any doubt. Any attempt on his part to approve his own bond as a Notary Public would be absolutely void ab initio and of no legal effect whatever.

Then, too, since a Notary's bond, when approved, must be deposited in the office of the County Clerk for safe keeping, in order that same might be sued on in the name of the injured party from time to time, should occasion arise, the County Clerk's interest in this connection is too direct and certain to permit him to have the care and custody of a bond executed by him as a Notary Public.

(A County Clerk's bond, after being recorded in his office, must then be deposited in the office of the Clerk of the District Court. Article 1937, R. S.)

It is therefore obvious that, because of a direct and certain interest, a County Clerk cannot approve his own bond as a Notary Public or have the custody of same. If he attempts to do so, such acts are void. He does not thereby relinquish the office of County Clerk. It is the office of Notary Public that fails.

For the reasons stated, your first question is answered in the negative. This obviates the necessity of passing upon the other questions submitted.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

L. H. Flewellen
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED DEC 3, 1943

LHF-MR

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN